UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Adam Lee Welch, | ) | C/A No. 8:13-201-JFA-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, Sumter Lee Regional Detention Center; and S.C. Attorney General, | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The *pro se* petitioner, Adam Lee Welch, is an inmate with the South Carolina Department of Corrections. He brings this petition under 28 U.S.C. § 2241 challenging his detention in the Sumter Lee Regional Detention Center pending resolution of proceedings pursuant to the South Carolina Sexually Violent Predator Act.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this action should be dismissed for lack of prosecution. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a full recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The respondent South Carolina Attorney General has filed a motion to dismiss (ECF No. 37) the petition arguing that this court should abstain from intervening in this action under *Younger v. Harris*, 401 U.S. 37 (1971) because there is a pending state proceeding in which petitioner's claim regarding the validity of his current detention can be decided if necessary. Alternatively, the Attorney General submits that dismissal is warranted because petitioner has failed to exhaust all his available state remedies.

The Magistrate Judge issued an order on March 27, 2013 pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss. He did not respond to the motion. Defendant Sumter Lee Regional Detention Center then filed a motion to dismiss (ECF No. 42) and the Magistrate Judge again advised the petitioner of the dismissal procedures under *Roseboro* and gave the petitioner until May 2, 2013 to respond. However, the petitioner did not respond. The petitioner was then given another opportunity until May 28, 2013 to respond to the motions to dismiss or the petition would be dismissed for failure to prosecute.

The Magistrate Judge has reviewed this matter in light of the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) and suggests that this action should be dismissed with prejudice for lack of prosecution and failure to comply with this court's orders.

The Report and Recommendation was issued on August, 9, 2013 and the petitioner was advised of his right to file objections thereto. Although petitioner still had not responded to the motion to dismiss, he did file a pleading entitled "Motion of Objection to Recommendation." In this document, petitioner merely restates his claim that he is being confined after completing his sentence. He attempts to adds a new claim that he was denied proper dental care while confined at the Sumter Lee Regional Detention Center. Because the petitioner does not provide specific objection to the Report, this court is not required to conduct a *de novo* review of the objections.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference, with one exception: the action is to be dismissed without prejudice.

Accordingly, this action is dismissed without prejudice for lack of prosecution and for failure to comply with this court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
September 12, 2013                          United States District Judge
Columbia, South Carolina